DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL R. RAY, | ) | C/A No. 4:06-01178-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| STATE OF NEW JERSEY, AND | ) | |
| MATTHEW B. HAMIDULLAH, | ) | |
| WARDEN OF ESTILL, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Michael Ray ("petitioner/Ray"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on April 20, 2006. On April 25, 2006, an Order authorizing service of process was issued. Respondents filed a motion to dismiss on May 1, 2006, along with supporting memorandum. The undersigned issued an order filed May 4, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on June 5, 2006, and June 6, 2006. (Documents #11 and #12).

**FACTS/ARGUMENTS**

In his petition, Ray states that he is moving the Court for a "pre-Transfer Hearing" in accordance with Cuyler v. Adams, 449 U.S. 433 (1981)." (Petition). In the petition, petitioner

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

contends that he was served on March 22, 2006, by the staff of the FCI, Estill, pursuant to the Interstate Agreement on Detainers Act ("IAD"), notifying him that the State of New Jersey had formally requested his "temporary custody" in accordance with the provisions of the IAD." (Petition). Further, petitioner contends his transfer would be premature because he has filed additional litigation in federal district and appellate courts relating to New Jersey's request. Petitioner asserts since the filing of this petition, he had repeatedly requested the Warden of Estill, Hamidullah, "to deny the request on the grounds that removal of the petitioner at the present time from his place of original confinement would be disruptive to his rehabilitative efforts and endeavors." As relief, petitioner requests "that the Honorable Court afford him the opportunity to be heard at a pre-transfer hearing, and for any other and further relief that this court may deem appropriate." (Petition).

On May 1, 2006, respondents filed a motion to dismiss arguing the petition is moot. Respondents assert that petitioner was informed and provided a copy of the request for Temporary Custody from New Jersey on the day it was received, March 22, 2006. Further, respondents assert petitioner was informed that under the provisions of the IAD, Article IV(a), the Warden had up to thirty (30) days to approve or disapprove the request and that during this time, petitioner could petition the Warden to disapprove the state's request for temporary custody. (Respondents' Exhibit 2, Declaration of Vicki Kinard). On March 23, 2006, petition filed a request to the Warden of FCI Estill, asking that he deny the New Jersey Attorney General's temporary custody request because it would interrupt his rehabilitative efforts and there were issues and matters outstanding in federal courts regarding legality of the New Jersey charges. (Respondents' exhibit #3, Inmate Request to Staff). On April 25, 2006, respondents assert petitioner was informed in writing that his request was

denied. (Respondents' exhibit #4, Warden's Response to Inmate Request to Staff). Respondents' assert that prior to service of the instant petition, petitioner was placed in-transit to New Jersey authorities pursuant to their request under the IAD at approximately 10:45 a.m. Thus, respondents argue the petition is moot in that there is no longer a case in controversy, the district court was unable to grant the relief requested, the claim is not capable of repetition, yet evading review, because there is not reasonable expectation that he will be subjected to the same action again.

Respondents filed a motion for summary judgment on April 25, 2006, arguing the case should be dismissed in that petitioner failed to state facts sufficient to support an action against respondents, petitioner cannot pursue his alleged state law violation through a Federal Writ of Habeas Corpus, petitioner has failed to exhaust his available state remedies, and petitioner has a prior pending state court suit addressing the same issue.

Vicki Kinard, the Legal Instrument Examiner at FCI Estill who is responsible for computing for processing requests for temporary custody pursuant to the Interstate Agreement on Detainers Act stated in her declaration that petitioner was placed in transit to New Jersey authorities on April 25, 2006, at approximately 10:45 a.m. Based on the notice of electronic filing, the serve order was entered by the clerk of court at 11:48 a.m. EDT. Therefore, as petitioner was already en route to New Jersey from FCI Estill prior to the petition being served, it is recommended that respondents' motion to dismiss be granted in that the petition is now MOOT.[2]

---

[2] Based on petitioner's notice of address change on October 2, 2006, petitioner has already returned to FCI, Estill. (See Document #15).

3

**CONCLUSION**

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT. It is FURTHER RECOMMENDED that all outstanding motions be deemed MOOT.[3]

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 11, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] On October 10, 2006, petitioner filed a document entitled "Request by Petitioner for Permission to Supplement the Pleadings with Relevant Documentary Evidence." (Document #10). Petitioner requests to supplement his "reply to the answer" with documentary evidence he claims he received under the Freedom of Information Act indicating respondents intentionally placed him in transit to New Jersey to avoid judicial intervention. Whether or not this is accurate, the relief petitioner seeks in this petition is a request for judicial review to avoid being transferred to New Jersey. As this has already occurred, the issue is moot. Therefore, the alleged documents would not change the outcome.